UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose Abraham Gonzalez-Lopez,　　　　　　　　　　　　Civil File No. 05-2021 (PAM/JSM)

　　　　　　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

United States of America,

　　　　　　　　　　Respondent.

---

　　　　This matter is before the Court on Petitioner's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Janie S. Mayeron, dated September 7, 2005. The R&R recommended dismissal of the Petition. Objections to the R&R were due on September 26, 2005, but no objections were filed by that date. This Court therefore adopted the R&R and dismissed the Petition on September 27, 2005. On October 13, 2005, Petitioner filed late Objections to the R&R. He explains that his Objections are untimely because he was in segregation and did not receive his mail. Based on this representation, the Court will consider the untimely Objections.

　　　　The Petition raises three grounds for relief, all of which challenge the trial court's use of the sentencing guidelines in imposing Petitioner's sentence. Essentially, Petitioner argues that he is entitled to a new, lower sentence because the Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005), ruled that the Federal Sentencing Guidelines were merely advisory. The Magistrate Judge recommended dismissal of the Petition for lack of jurisdiction pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts. The Magistrate Judge interpreted Petitioner's claims to be collateral challenges to his

conviction or sentence, which can only be brought by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.  Because Petitioner was tried and sentenced in the District of Arizona, the Magistrate Judge found that Petitioner was barred from bringing his Petition in the District of Minnesota.  Moreover, the Petition could not be transferred to the trial court, according to the Magistrate Judge, because Petitioner would be precluded from seeking relief under § 2255 by the statute's one-year limitations period.  Finally, the Magistrate Judge found that Petitioner's inability to seek relief under § 2255 did not cause the statute to be "inadequate or ineffective" so as to permit Petitioner to evade the statute's exclusive remedy rule.

Petitioner asserts the following Objections to the R&R: (1) The Rules Governing Section 2254 Cases are applicable only to habeas petitions filed by state prisoners, and thus, the Magistrate Judge erred in relying in Rule 4; and (2) the Magistrate Judge erred by not exercising her judicial discretion to reach a fair and just determination.

The Court has conducted a de novo review of the record.  See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).  Based on the record and Petitioner's submission, the Court concludes that the Objections must be overruled, and the Court's Order of September 26, 2005 remains in effect.

Rule 1 of The Rules Governing Section 2254 Cases provides that the Rules pertain not only to habeas petitions filed under § 2254 but also to any other habeas petition before a federal district court.  Accordingly, the Rules are applicable to petitions brought under § 2241, such as the Petition in this case.  See Mickelson v. United States, Civ. No. 01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002) (Tunheim, J.) (citing Bostic v. Carlson, 884 F.2d

2

1267, 1270 n.1 (9th Cir. 1988); Rothstein v. Pavlick, No. 90-C-5558, 1990 WL 171789, at *3 (N.D. Ill. Nov. 1, 1990)).  Therefore, the Magistrate Judge correctly relied on Rule 4 as a basis for recommending dismissal of the Petition.

As to Petitioner's suggestion that the Magistrate Judge should have exercised her judicial discretion to grant the Petition, the Court finds that the Magistrate Judge correctly applied the relevant legal precedent.  A judge is bound to follow the law, and may not "exercise judicial discretion" if doing so would be contrary to law.

Accordingly, based on all the files, records, and proceedings herein, Petitioner's Objections to the R&R (Clerk Doc. No. 6) are **OVERRULED**, and the Court's Order of September 26, 2005 remains in effect.

Dated: October 19, 2005

                                                  s/ Paul A. Magnuson
                                                  Paul A. Magnuson
                                                  United States District Court Judge